# EXHIBIT A
# Complaint and Summons

## IN THE CIRCUIT COURT OF TATE COUNTY, MISSISSIPPI

**CAROLYN JONES**                                                                  **PLAINTIFF**

**v.**                                                   **CAUSE NO.: 21-CV-217-JMT**

**OZARK MOTOR LINES, INC.**
**AND LARRY WATSON**                                          **DEFENDANTS**

FILED
OCT 19 2021
Edward L (Eddie) Hadskey • Tate Co. Circuit Clerk
By JBx

### COMPLAINT
(Jury Trial Demanded)

COMES NOW, Plaintiff Carolyn Jones (hereinafter "Plaintiff"), by counsel, and files this, *Complaint* against Defendants Ozark Motor Lines, Inc. and Larry Watson (hereinafter "Defendant Ozark," "Defendant Watson," or collectively "Defendants"), for damages arising from a vehicle collision caused by Defendants' negligent actions and/or omissions and shows this Honorable Court the following, to-wit:

### PARTIES

1. Plaintiff is an adult resident citizen of Yalobusha County, MS, residing at 320 Persimmon Street, Oakland, MS 38948.

2. Defendant Ozark is a foreign corporation whose principal place of business is within the State of Tennessee, and it may be served with process upon its registered agent, Jason B. Higginbotham, at 3934 Homewood Road, Memphis, TN 38118.

3. Defendant Watson is an adult resident citizen of Shelby County, TN, residing at 2933 S. Goodlett Street, Memphis, TN 38118.

### JURISDICTION and VENUE

4. This Court has jurisdiction over this action in accordance with Miss. Code Ann. §9-7-81 of the Mississippi Code of 1972, annotated, as amended, in that this cause of action is not made exclusively cognizable in some other Court by either the Constitution or

the laws of this state, and by virtue of the fact that the principle amount in controversy exceeds Two Thousand Five Hundred Dollars ($2,500.00).

5. Venue in this Court is proper pursuant to Miss. Code Ann. §11-11-3(1)(a)(i) of the Mississippi Code of 1972, annotated, as amended, in that Tate County is the county where a substantial alleged act or omission occurred.

## FACTS

6. At all times relevant herein, Defendant Watson was an employee of Defendant Ozark, acting within the scope of his employment.

7. On or about December 3, 2020, Plaintiff was traveling northbound on Interstate 55 approaching the area of Senatobia.

8. As Plaintiff traveled northbound on I-55, Defendant Watson was operating an 18-wheeler (owned by Defendant Ozark), and pulled out in front of her.

9. Defendant Watson negligently failed to keep proper lookout for other vehicles on the roadway, when he pulled out in front of Plaintiff's vehicle. Additionally, all Defendants failed to maintain reasonable control of his vehicle, and failed to drive properly.

10. Defendant Ozark is vicariously liable for the actions/inactions of its employee, Defendant Watson, who was acting within the scope of his employment during the subject collision.

11. Unable to stop, Plaintiff collided with Defendants. Plaintiff's vehicle came to final rest on the left shoulder of the northbound lane of I-55.

12. Defendants' vehicle came to final rest on the right shoulder of the northbound lane of I-55.

13. The collision caused disabling damages to Plaintiff's vehicle.

14. As a result of the collision, Plaintiff was injured.

## CAUSE OF ACTION

### Count 1: Negligence and Negligence Per Se

15. Plaintiff adopts and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

16. At all times relevant to the collision, Defendant possessed a duty of ordinary care while operating his vehicle on the roadway.

17. Defendant Watson operated Defendant Ozark's vehicle negligently and in a manner contrary to law by:

    a. Causing his vehicle to collide with Plaintiff;

    b. Failing to keep a reasonable and proper lookout as he operated his vehicle;

    c. Failing to yield;

    d. Failing to abide by the rules of the road;

    e. Failing to be alert and attentive;

    f. Disobeying traffic control signals, devices and roadway markers;

    g. Failing to keep his vehicle under proper control;

    h. Operating his vehicle in a careless and imprudent manner without due regard for traffic; and

    i. Any and all other negligent acts and/or omissions which may be shown at the trial of this matter.

18. The above acts constitute common law negligence and negligence per se and were each a proximate cause of the collision in question. The Defendants' breach of the duties owed to Plaintiff was the direct and proximate cause of Plaintiff's injuries.

### Count 2: Res Ipsa Loquitur

19. Plaintiff adopts and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

20. Under the present set of circumstances, Defendants' actions and/or omissions warrant an inference of negligence so as to establish a prima facie case.

21. The mere occurrence of the collision and the resulting injuries, taken with the surrounding circumstances, allow for an inference of negligence against the Defendants because:

    a. The instrumentality causing the damage was under the exclusive control of the Defendant;

    b. The collision would not ordinarily have occurred if those in control of the instrumentality had exercised proper care; and

    c. The collision was not to do any voluntary act on the part of the Plaintiff.

22. Each of the above negligent acts and/or omissions were a direct and proximate cause of Plaintiff's injuries and support an inference of negligence.

### DAMAGES

23. As a direct and proximate result of the Defendants' negligent acts and/or omissions, Plaintiff has suffered bodily injury resulting in past, present, and future pain and suffering; mental anguish; loss of enjoyment of life; past, present, and future medical expenses; and other economic and non-economic damages.

### JURY DEMAND

1. Plaintiff is entitled to and hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Carolyn Jones prays for judgment against Defendants for all damages allowed under the law, including compensatory damages together with pre-judgment and post-judgment interests, with all attorney's fees and costs of litigating this case, with such final amount being at least $100,000.00 and for other relief as deemed appropriate by this Honorable Court.

Respectfully submitted, this the ___ day of October, 2021.

**CAROLYN JONES, Plaintiff**

By: _____

**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

### IN THE CIRCUIT COURT OF TATE COUNTY, MISSISSIPPI

**CAROLYN JONES**                                                                          **PLAINTIFF**

v.                                                                        CAUSE NO.: 21-CV-217-JMJ

**OZARK MOTOR LINES, INC.**
**AND LARRY WATSON**                                                                      **DEFENDANTS**

<u>**SUMMONS**</u>

STATE OF MISSISSIPPI
COUNTY OF TATE

TO:   OZARK MOTOR LINES, INC.
      c/o Jason B. Higginbotham, Registered Agent
      3934 Homewood Road
      Memphis, TN 38118

NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Carlos E. Moore, the attorney for the Plaintiff, whose address is 306 Branscome Drive, P. O. Box 1487, Grenada, Mississippi 38902. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 19 day of October, 2021.

_Eddie Hardsberry_

CLERK OF _____

(SEAL)                   ADDRESS   Tate County Circuit Clerk
                                   ~~201 Ward Street~~
                                   ~~Senatobia, MS. 38668~~

COPY

CITY       STATE       ZIP CODE

by JBeard
DEPUTY CLERK

Issued + RTA

IN THE CIRCUIT COURT OF TATE COUNTY, MISSISSIPPI

**CAROLYN JONES**                                                   **PLAINTIFF**

v.                                                             CAUSE NO.: 21-CV-217-JmT

**OZARK MOTOR LINES, INC.**
**AND LARRY WATSON**                                               **DEFENDANTS**

<u>**SUMMONS**</u>

STATE OF MISSISSIPPI
COUNTY OF TATE

TO:   LARRY WATSON
        2933 S. Goodlett Street
        Memphis, TN 38118

NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

      You are required to mail or hand-deliver a copy of a written response to the Complaint to Carlos E. Moore, the attorney for the Plaintiff, whose address is 306 Branscome Drive, P. O. Box 1487, Grenada, Mississippi 38902. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

      You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

      Issued under my hand and seal of said Court, this the __19__ day of __October__ 2021.

_Eddie Hadsbery_
CLERK OF _____

Tate County Circuit Clerk
ADDRESS   201 Ward Street
                  Senatobia, MS. 38668

(SEAL)

COPY

CITY         STATE       ZIP CODE

by _L Beard_
DEPUTY CLERK

_Issued JRTA_