UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CAROLYN JONES,

    Plaintiff,

v.                                                         CASE NO. 3:21cv237-NBB-RP

OZARK MOTOR LINES, INC. and
LARRY WATSON,

    Defendants.

## DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

COME NOW Defendants Ozark Motor Lines, Inc. and Larry Watson ( "Defendants") by and through their counsel of record and submit Defendants' Motion to Enforce Settlement Agreement.

On or about December 27, 2022, the parties to this lawsuit reached an agreement to settle this matter, which was confirmed in writing as to its material terms. The material terms of the settlement are set forth in a series of written email communications between Plaintiff's counsel and Defendants' counsel. (Exhibit A). On December 19, 2022, counsel for Defendants made a written settlement offer to counsel for Plaintiff as follows:

> In order to cut to the chase, my client has authorized me to make an offer of $50,000 to settle the case. This offer includes a requirement that Ms. Jones sign a full and final release of any and all claims by Ms. Jones against Larry Watson and Ozark Motor Lines, Inc., and that Ms. Jones enter a dismissal of the pending lawsuit with prejudice. Time is of the essence. My office is presently working on the various pretrial matters that must be completed within the next few weeks and as such, I do not know how long my clients are willing to keep this offer open. Along these same lines, we believe it is highly likely that the Court will grant the pending motion for summary judgment in favor of Mr. Watson and Ozark. Should the Court grant the motion for summary judgment before your client accepts this $50,000 offer, my

1

> clients' offer is revoked. As we discussed previously, as a condition of this settlement offer, my clients require that your client assume full responsibility for negotiating, satisfying and providing indemnification for any liens, including but not limited to, any Medicare/CMS lien. It is my understanding that your office will take steps to handle any negotiations with CMS and/or any other lienholders.
>
> Please let me know at your earliest convenience if this $50,000 offer is acceptable to Ms. Jones.

(Exhibit A, p. 4).

In response, on December 27, 2022, Plaintiff's counsel, Terris Harris, accepted the Defendants' settlement offer in writing as follows: "Jim, thanks so much for your professionalism and willingness to get this done. With that being said, Ms. Jones will accept the $50,000 offer." (Exhibit A, p. 3).

In sum, the material settlement terms are as follows: Defendants agree to pay Plaintiff the sum of $50,000. In exchange for the payment of $50,000, Plaintiff agrees to: (1) sign a full and final release of any claims she has against Defendants; (2) enter a dismissal of the lawsuit with prejudice; and (3) assume full responsibility for negotiating, satisfying and providing indemnification for any liens, including but not limited to, any Medicare/CMS lien relating to the accident that is the subject of this lawsuit. On December 27, 2022, counsel for Plaintiff, Carlos Moore, advised Defendants that the settlement check should be made payable to Moore Law Group, PC and Plaintiff. (Exhibit A, p. 2).

Plaintiff was represented by Carlos Moore, Esq., of the Moore Law Group, P.C., which does business as The Cochran Firm. Mr. Moore signed the Plaintiff's Complaint. Plaintiff was also represented by Terris C. Harris, Esq. of The Cochran Firm. Mr. Harris entered a notice of appearance as counsel for Plaintiff on July 15, 2022. (Ct. Dkt. 25).

Pursuant to Local Rule 11(b), on December 28, 2022, Defendants' counsel notified the Court with Plaintiff's counsel's approval that the parties had reached a settlement and would be

entering a consent order of dismissal with prejudice after the settlement documents were signed. (Exhibit B). All terms of the settlement were reduced to a formal Confidential Settlement Agreement and Release ("Settlement Agreement") prepared by Defendants' counsel and submitted to Plaintiff's counsel Mr. Harris and Mr. Moore on December 30, 2022. (Exhibits C and D).

On January 4, 2023, counsel for Defendants sent an email to Magistrate Judge Percy's law clerk, Yance Falkner, regarding whether a conference call with Magistrate Judge Percy would be appropriate regarding the approaching pretrial dates and deadlines. (Exhibit E). Mr. Falkner replied that he would request that Judge Biggers enter a "zap" order dismissing the case without prejudice and retaining jurisdiction to enforce the settlement if needed. (Exhibit F). On January 4, 2023, the Court entered an Order Dismissing Action By Reason of Settlement. The Order dismissed the case without prejudice. (Ct. Dkt. 53).

From the date that the Settlement Agreement was provided to Plaintiff's counsel on December 30, 2022, Plaintiff's counsel did not request any revisions to the Settlement Agreement. Plaintiff's counsel failed to return a signed copy of the Settlement Agreement to Defendants' counsel despite repeated requests from Defendants' counsel for a status. On January 17, 2023, Defendants' counsel sent Plaintiff's counsel an email requesting a status on the return of the signed Settlement Agreement. (Exhibit G). Since Plaintiff failed to execute and return the signed Settlement Agreement, no consent order of dismissal with prejudice could be entered in the case.

On January 19, 2023, counsel for Defendants received an email from Ray Shoemaker, Vice President and Chief Operating Officer of the Cochran Firm, requesting a status as to when the settlement proceeds would be received by the Cochran Firm. Defendants' counsel responded, informing Mr. Shoemaker that Plaintiff had not returned the signed Settlement Agreement. (Exhibit H).

On February 6, 2023, Defendants' counsel sent an email to Plaintiff's counsel advising that the settlement check was in Defendants' counsel's possession and asking once again for a status on the return of the executed Settlement Agreement. Counsel for Defendants advised that he would file a motion to enforce the settlement agreement with the Court if the executed Settlement Agreement was not received in the next few days. (Exhibit I). Plaintiff's counsel, Carlos Moore, responded, advising that Plaintiff "will not sign the release." (Exhibit J). Prior to February 6, 2023, Defendants did not know that Plaintiff refused to sign the release.

Since Plaintiff has refused to sign the full and final release of all claims, which is a material settlement term, despite having previously agreed to do so, Defendants have no choice but to file Defendants' Motion to Enforce Settlement Agreement.

WHEREFORE, for all the foregoing reasons and those set forth more fully in Memorandum of Law in Support of Defendants' Motion to Enforce Settlement Agreement, Defendants respectfully request this Court issue an Order enforcing the Settlement Agreement.

Respectfully submitted:

/s/JAMES M. SIMPSON
JAMES M. SIMPSON, MS BAR NO. 103823
KRISTINE SIMPSON, MS BAR NO. 105228
SIMPSON & LILLIE, PLLC
265 N. Lamar Boulevard, Suite D
Oxford, Mississippi 38655
Telephone: (662) 638-3235
Email: jim@simpsonlillie.com

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

      I, James M. Simpson, hereby certify that one true and correct copy of the foregoing document was served via the Court's EFC service and via email on this the 10th day of February 2023, upon:

      CARLOS E. MOORE, ESQ.
      The Cochran Firm – MS Delta
      306 Branscome Drive
      P.O. Box 1487
      Grenada, Mississippi 38902-1487
      cmoore@cochranfirm.com

      TERRIS CATON HARRIS, ESQ.
      The Cochran Firm – Jackson, LLC
      197 Charmant Place, Suite 2
      Ridgeland, Mississippi 39157
      terris@cochranfirmjackson.com

      WILLIAM "BO" ROLAND, ESQ.
      The Cochran Firm
      197 Charmant Place, Suite 2,
      Ridgeland, Mississippi 39157
      wroland@cochranfirm.com

      ATTORNEYS FOR PLAINTIFF

      /s/JAMES M. SIMPSON
      JAMES M. SIMPSON