UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CAROLYN JONES,

    Plaintiff,

v.                                    CASE NO. 3:21cv237-NBB-RP

OZARK MOTOR LINES, INC. and
LARRY WATSON,

    Defendants.

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

COME NOW Defendants Ozark Motor Lines, Inc. and Larry Watson ( "Defendants") by and through their counsel of record and submit this Memorandum of Law in Support of Defendants' Motion to Enforce Settlement Agreement stating to the Court as follows:

I.    FACTS

On October 19, 2021, Carolyn Jones ("Plaintiff") filed this lawsuit in the Circuit Court of Tate County, Mississippi, for personal injuries sustained in an automobile accident that occurred on or about December 3, 2020. On November 15, 2021, Defendants properly removed the action to this Court.

On October 6, 2022, Defendants filed a Motion for Summary Judgment and a Memorandum in Support of the Motion for Summary Judgment. Plaintiff filed a Response and Memorandum in Opposition to Defendants' Motion for Summary Judgment on October 20, 2022, and Defendants offered a rebuttal to Plaintiff's Response. This case was set for jury trial to begin on February 27, 2023.

1

On December 27, 2022, the parties to this lawsuit reached an agreement to settle this matter, which was confirmed in writing as to its material terms. (Mot. Ex. A). The material terms of the settlement are set forth in a series of written email communications between Plaintiff's counsel and Defendants' counsel. Defendants made a settlement offer on December 19, 2022, as follows:

> December 19, 2022, at 5:09 PM, James Simpson <jim@simpsonlillie.com> wrote:
>
> Fed. R. Evid. 408 Settlement Communication
>
> Dear Terris,
>
> In follow-up to our telephone discussion today, this confirms that your client has accepted my clients' counter-offer bracket of $10,000 to $100,000 as confirmed in the emails below.
>
> In order to cut to the chase, my client has authorized me to make an offer of $50,000 to settle the case. This offer includes a requirement that Ms. Jones sign a full and final release of any and all claims by Ms. Jones against Larry Watson and Ozark Motor Lines, Inc., and that Ms. Jones enter a dismissal of the pending lawsuit with prejudice. Time is of the essence. My office is presently working on the various pretrial matters that must be completed within the next few weeks and as such, I do not know how long my clients are willing to keep this offer open. Along these same lines, we believe it is highly likely that the Court will grant the pending motion for summary judgment in favor of Mr. Watson and Ozark. Should the Court grant the motion for summary judgment before your client accepts this $50,000 offer, my clients' offer is revoked. As we discussed previously, as a condition of this settlement offer, my clients require that your client assume full responsibility for negotiating, satisfying and providing indemnification for any liens, including but not limited to, any Medicare/CMS lien. It is my understanding that your office will take steps to handle any negotiations with CMS and/or any other lienholders.
>
> Please let me know at your earliest convenience if this $50,000 offer is acceptable to Ms. Jones.
>
> Sincerely,
> Jim

(Mot. Ex. A, p. 4). In response, on December 27, 2022, Plaintiff's counsel, Terris Harris, accepted the Defendants' settlement offer as follows:

> From: Terris Harris <THarris@CochranFirmJackson.Com>
> Date: Tuesday, December 27, 2022 at 5:42 PM
>
> Jim, thanks so much for your professionalism and willingness to get this done. With that being said, Ms. Jones will accept the $50,000 offer.
>
> Thanks
> Terris C. Harris, J.D., LL.M.

(Mot. Ex. A, p. 3).

In sum, the material settlement terms are as follows: Defendants agree to pay Plaintiff the sum of $50,000. In exchange for the payment of $50,000, Plaintiff agrees to: (1) sign a full and final release of any claims she has against Defendants; (2) enter a dismissal of the lawsuit with prejudice; and (3) assume full responsibility for negotiating, satisfying and providing indemnification for any liens, including but not limited to, any Medicare/CMS lien relating to the accident that is the subject of the lawsuit. On December 28, 2022, Defendants' counsel notified Plaintiff's counsel via email of Defendants' intent to inform the Court of the settlement in order to comply with Local Rule 11(b). Plaintiff responded with, "No objections." (*See* Mot. Ex. A, pp. 1-2). Afterwards, Defendants' counsel sent a letter advising this Court that an agreement to settle the matter had been reached and that the parties were working on the settlement documents. (Mot. Ex. B).

As set forth in the written material terms of the settlement agreement, a written Confidential Settlement Agreement and Release ("Settlement Agreement") (Mot. Ex. C) was prepared by Defendants' counsel and submitted to Plaintiff's counsel via email on December 30, 2022, for review and, upon approval, signature by Plaintiff. (Mot. Ex. D).

On January 4, 2023, counsel for Defendants contacted Magistrate Judge Percy's office via email, copying all counsel, to arrange for a telephone conference with Magistrate Judge Percy. The email communication provided as follows:

From: James Simpson
Sent: Wednesday, January 5, 2023 11:23 AM
To: Yance Falkner

Good Morning Yance-

On December 28, 2022, I sent a letter to Judge Biggers and Judge Percy, pursuant to Local Rule 11(b), advising that a settlement had been reached in this case. The parties are working on the settlement documents, but they are not signed as of yet. We have some scheduling order deadlines coming up on the calendar. Specifically, motions in limine are due on 1/9/23 and the Joint Pretrial Order is due on 1/16/23. While Defendants believe that we have reached a settlement with the Plaintiff in this case (and would file a motion to enforce the settlement agreement if it were to become necessary), Defendants do not want to make improper assumptions concerning the current scheduling order deadlines. Defendants are ready to file motions in limine by the current deadline if that needs to be done, and have completed their portion of the Joint Pretrial Order. Please do not interpret this email as a suggestion that Defendants believe that there could be some question or problem with the settlement. That is not the case at all. Defendants just want to make sure that we are meeting the Court's expectations with regard to the current scheduling order.

Defendants are looking for some direction here. Should the parties continue to move forward with the current scheduling order and deadlines until such time as the proposed Order of Dismissal With Prejudice has been presented to the Court? Do you believe that a brief telephone conference with Judge Percy would be appropriate?

Terris and Carlos, please feel free to weigh-in on this issue.

Sincerely,
Jim

(Mot. Ex. E).

That same day, Judge Percy's Law Clerk responded via email communication as follows:

Date: Wednesday, January 4, 2023, 11:27 AM
From: Yance Falkner
To:   James Simpson, Terris Harris, Denise Barnes, Carlos Moore

Jim:

Thanks for reaching out. I'll send a message to Judge Biggers and ask him to enter a "zap" order. This will dismiss the case without prejudice and remove all pending deadlines and hearings. The court will retain jurisdiction to enforce the settlement,

> if needed, and the parties may jointly stipulate to a dismissal with prejudice once settlement has been consummated.
>
> If you have any questions or concerns, please don't hesitate to reach out.
>
> Thanks,
> YF

(Mot. Ex. F).

On January 4, 2023, the Court entered an Order Dismissing Action by Reason of Settlement, without prejudice. (Ct. Dkt. 53). Thereafter, Defendants' counsel heard nothing from Plaintiff's counsel and did not receive any request for revisions to the Settlement Agreement.

On January 17, 2023, Defendants' counsel sent Plaintiff's counsel an email asking for the status of Plaintiff signing and returning the signed Settlement Agreement. (Mot. Ex. G). Plaintiff's counsel did not respond.

On January 19, 2023, Defendants' counsel received an email from Ray Shoemaker, Vice President and Chief Operating Officer of Plaintiff's law firm, the Cochran Firm, inquiring as to the status of the payment pursuant to the Agreement. (Mot. Ex. H). Defendants' counsel responded that Plaintiff had not signed and returned the Settlement Agreement. On February 6, 2023, Defendants' counsel sent an email to Plaintiff's counsel advising that the settlement check was in the possession of Defendants' counsel and asking once again for a status on the return of the executed Settlement Agreement. (Mot. Ex. I). Counsel for Defendants advised that he would file a motion to enforce the settlement agreement with the Court if the executed Settlement Agreement was not received in the next few days. On February 6, 2023, Plaintiff's counsel advised Defendants for the first time that Plaintiff "will not sign the release." (Mot. Ex. J).

Since the parties have agreed upon the material settlement terms, one of which was that Plaintiff "sign a full and final release of any and all claims" and Plaintiff has failed and refused to

5

execute a release, Defendants have no choice but to file Defendants' Motion to Enforce Settlement Agreement.

II.     LAW AND ARGUMENT

A.  The Court retained jurisdiction to enforce the settlement agreement.

District courts have inherent power to enforce settlements between the parties in cases pending before them. *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020) (citing *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). Likewise, a dismissal "ordinarily – and automatically – strips the district court" of the power to hear that dispute. *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020). "With consent of the parties, a district court may expressly retain jurisdiction over a settlement agreement in order to enforce the parties' compliance with that agreement. . . ." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 261 n.3 (5th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994)). A final judgment may make a settlement agreement "part of the order of dismissal" in one of two ways – "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381.

But a district court may also retain jurisdiction over a dismissed proceeding so long as the court has ancillary jurisdiction over the matter. *Id*. at 378. The "[d]octrine of ancillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Id*. There are two examples that fall under the doctrine of ancillary jurisdiction. *Vikas WSP, Ltd. v. Econ. Mud Prod. Co.*, 23 F.4th 442, 451 (5th Cir. 2022). First, "[t]he court may hear matters that are inextricably linked with the original dispute." *Id*. (citing *Kokkonen*, 511 U.S. at 379). Second, a district court may also exercise

ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 380. A court protecting its judgments by enforcing the settlement falls under this second example. *Vikas WSP, Ltd.*, 23 F.4th at 451. "When the parties settle their dispute and seek dismissal, the court may choose to treat the parties' settlement as part of its dismissal order, either by retaining jurisdiction to enforce the settlement or by directly integrating the settlement into the dismissal order." *Id*. A breach of the settlement agreement would thus violate the court's order, "and ancillary jurisdiction to enforce the agreement would therefore exist." *Id*. (quoting *Kokkonen*, 511 U.S. at 381). "It is well settled that a federal district court can exercise ancillary jurisdiction over a second action in order to 'secure or preserve the fruits and advantages of a judgment or decree rendered' by that court in a prior action." *Royal Ins. Co. of Am. v. Quinn–L Capital Corp.*, 960 F.2d 1286, 1292 (5th Cir.1992).

In this case, the Court entered an Order Dismissing Action by Reason of Settlement on January 4, 2023. (Ct. Dkt. 53). The Order provides: "The Court has been advised that this case has been settled or is in the process of being settled. As such, it is unnecessary that the case remain upon the calendar of the court." The case was dismissed without prejudice. The Magistrate Judge's office notified all parties via email of the Court's intent to retain jurisdiction to enforce the settlement if needed. This Court possesses the authority to enforce the settlement agreement in this case as both inextricably linked with the original dispute and in order to manage, vindicate and effectuate its Orders.

<u>B. The parties entered into a binding and enforceable settlement agreement.</u>

Under Mississippi law, "[t]he law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching." *Est. of Davis*, 42 So. 3d 520, 527 (Miss. 2010). A settlement agreement

7

is a contract and, as with any other contract, for there to be a settlement there must be a meeting of the minds. *Taylor v. Reliance Well Serv., Inc.*, 220 So. 3d 260, 263 (Miss. Ct. App. 2017). "When there is a meeting of the minds, a settlement becomes binding on the parties." *Montgomery v. Montgomery*, 339 So. 3d 819, 829 (Miss. Ct. App. 2022) (citing *Hastings v. Guillot*, 825 So. 2d 20, 23 (Miss. 2002)).

In the context of negotiations conducted by written correspondence, in order for there to be a meeting of the minds, as necessary for a settlement agreement, "one party must make a proposition and the other accept the same as made; in other words, the minds of the parties must meet upon a definite proposition." *Morris v. Liberty Mut. Ins. Co.*, 659 F. Supp. 201, 204 (N.D. Miss. 1987). An attorney is presumed to have authority to speak for and bind his client. *Parmley v. 84 Lumber Co.,* 911 So. 2d 569 (Miss. Ct. App. 2005). An attorney of record for a party in a pending lawsuit who signed pleadings on behalf of, entered an appearance for, and entered into a settlement agreement on behalf of his client, has bound the client to a settlement. *See Williams v. Homecomings Fin. Network*, 134 So. 3d 779 (Miss. Ct. App. 2012). "Whether or not an attorney has agreed to a settlement on behalf of his client is a question of fact." *Id.* at 782. In this case, there is no dispute as to whether Plaintiff's counsel agreed to a settlement on behalf of Plaintiff Ms. Jones. The dispute involves Ms. Jones' after-the-fact refusal to sign the full and final release of all claims, which was a material term of the settlement agreement.

The record indisputably establishes a binding settlement agreement between the parties. Both parties entered into settlement negotiations and reached a settlement agreement on December 27, 2022. The essential terms of the settlement are confirmed in writing as follows: Defendants shall pay Plaintiff $50,000. In exchange, Plaintiff shall: (1) sign a full and final release of any and all claims by Plaintiff against Defendants; (2) enter into a dismissal of the pending lawsuit

with prejudice; (3) assume full responsibility for negotiating, satisfying and providing indemnification for any liens, including but not limed to any Medicare/CMS liens relating to the accident that is the subject of this lawsuit.

The settlement agreement was then ratified by the conduct of Plaintiff's counsel. Pursuant to Local Rule 11(b), Defendants' counsel notified the Court of the parties' settlement. Plaintiff's counsel did not object to Defendants' counsel notifying the Court of the parties' settlement, confirming that Plaintiff's counsel agreed that a settlement had been reached. Further, on the same day that the settlement agreement was reached on December 27, 2022, Plaintiff's counsel Carlos Moore sent an email to Defendants' counsel stating: "Make check payable to Moore Law Group, PC and client. My office will email you a W-9 for Moore Law Group." (Mot. Ex. A, p. 2). This again confirms that Plaintiff's counsel agreed that a settlement had been made. Thereafter, the Vice President and Chief Operating Officer of Plaintiff's counsel's law firm, The Cochran Firm, sent an email to Defendants' counsel on January 19, 2023, checking on the status of the settlement proceeds. Again, this further confirms the settlement. On February 6, 2023, Defendants' counsel advised that he had possession of the $50,000 settlement check made payable as requested by Plaintiff's counsel and queried: "Where is the executed Confidential Settlement Agreement and Release from Ms. Jones? I am going to file a motion to enforce the settlement agreement with the Court if I do not receive the executed Confidential Settlement Agreement and Release from Ms. Jones in the next few days." (Mot. Ex. I). In reply, Plaintiff's counsel, Carlos Moore, advised on February 6, 2023, that Plaintiff will not sign the release. (Mot. Ex. J). Signing a full and final release of claims was a material settlement term.

This motion could have been avoided had Plaintiff reviewed and executed the Settlement Agreement in a timely manner. The Mississippi Supreme Court has held that "courts may supply

9

reasonable terms which the parties omitted in the contracting process." *Duke v. Whatley*, 580 So. 2d 1267, 1273-74 (Miss. 1991). In *Duke*, the Court found that the emails memorializing the settlement did reflect the parties' agreement on all material matters involving settlement, compromise, and dismissal of all claims by the plaintiff. In this case, Plaintiff has needlessly prolonged litigation and necessitated the submission of a motion to enforce the settlement agreement. Plaintiff has never requested any revisions to the Settlement Agreement. Defendants submit that the Settlement Agreement (Mot. Ex. C) provided to Plaintiff's counsel on December 30, 2022, is a formal written confirmation of the parties' settlement agreement, and it should be enforced as written. Consequently, this Court should exercise its well-established power to summarily enforce the Settlement Agreement (Mot. Ex. C) entered into by the litigants before it and dismiss this lawsuit with prejudice. *See Wise*, 955 F.3d at 434.

III. CONCLUSION

Accordingly, Defendants request that the Court enter an Order granting Defendants' Motion to Enforce Settlement Agreement and dismissing Plaintiff's cause of action with prejudice.

Respectfully submitted:

/s/JAMES M. SIMPSON
JAMES M. SIMPSON, MS BAR NO. 103823
KRISTINE SIMPSON, MS BAR NO. 105228
SIMPSON & LILLIE, PLLC
265 N. Lamar Boulevard, Suite D
Oxford, Mississippi 38655
Telephone: (662) 638-3235
Email: jim@simpsonlillie.com

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

      I, James M. Simpson, hereby certify that one true and correct copy of the foregoing document was served via the Court's EFC service and via email on this the 10th day of February 2023, upon:

      CARLOS E. MOORE, ESQ.
The Cochran Firm – MS Delta
306 Branscome Drive
P.O. Box 1487
Grenada, Mississippi 38902-1487
cmoore@cochranfirm.com

TERRIS CATON HARRIS, ESQ.
The Cochran Firm – Jackson, LLC
197 Charmant Place, Suite 2
Ridgeland, Mississippi 39157
terris@cochranfirmjackson.com

WILLIAM "BO" ROLAND, ESQ.
The Cochran Firm
197 Charmant Place, Suite 2,
Ridgeland, Mississippi 39157
wroland@cochranfirm.com

ATTORNEYS FOR PLAINTIFF

                              /s/JAMES M. SIMPSON
                              JAMES M. SIMPSON